JAMES F. FOX, Administrator, etc. . WILLIAM E.
CARR, Deceased, Respondent, *v.* THOMAS B. CARR,
Individually and as trustee of WILLIAM E. CARR,
under will of EDSON CARR, Deceased, Appellant.

*Devise — when it vests an absolute title and not merely a life estate.*

A testator devised all his residuary estate to his executors, and directed them
to convert the same into money, and pay over one-half to H. T. Carr, a son ;
and the other half to a trustee in his will named, who was directed to invest
the principal, and pay over the interest to his son William E. Carr, for his
use and benefit ; the testator declared the property so placed in the charge
of the trustee, to be the share of his said son William in his estate, and that it
was to be held for his benefit "during his natural life, when he may dispose of
the same by will at his pleasure."

William E. Carr, having died intestate, *held,* that he took the absolute estate in
the one-half devised to his trustee, subject to the trust, and not merely a life
estate therein.

That upon his death intestate his administrator was entitled to recover the same
from the trustee.

APPEAL from an interlocutory judgment, entered upon the trial
of this action at the Ontario Special Term.

The action was brought to compel the defendant to account for
certain moneys received by him as trustee for William E. Carr,
deceased, the plaintiff's intestate, and to pay over to the plaintiff
any balance of such moneys which may be found in his hands.

In the fall of 1861 Edson Carr, of Canandaigua, in the county
of Ontario, died, leaving a last will in and by which he devised to
the defendant, one of his sons, a certain promissory note and certain
books.    All the rest and residue of his estate, both real and per-
sonal, he devised to William Autis and Henry T. Carr, who he
appointed executors of his said will and to their assigns forever,
as joint tenants, in trust for the uses and purposes therein specified.

They were directed to sell the whole of said estate at public or
private sale, and convert the same into money, and to divide the
money received into two equal parts, and to pay over one part to
Henry T. Carr as his share of the testator's estate ; and to pay
over the other part to Walter S. Hubbell in trust, and whom the

testator appointed trustee. The trustee was in and by said will instructed and directed, "in the execution of his trust, which is created for the sole benefit of my son William E. Carr, to invest the said part or moiety of my estate committed to his care and charge, upon the security of bond and mortgage upon real, landed estate, otherwise unincumbered, of double the money so secured, at least; and annually, or so often as the interest thereon shall be paid, to pay the same over to my said son William E. Carr, for his use and benefit. And I do declare the moiety of my property so placed in the charge of Walter S. Hubbell, as trustee, to be the share of the said William E. Carr in my estate; and my intention is, that the same shall be held and used as herein provided for his benefit, during his natural life, when he may dispose of the same by will at his pleasure."

The will was duly proved, the executors qualified, and the estate was converted into money.

Hubbell declined to accept the trust, and one Beals was duly appointed in his place, and took upon himself the duties of the trust; gave a bond for the faithful discharge of his duties as trustee.

Beals received from the executors something over $6,000 as the share of William E. Carr, in his father's estate, and this money was invested in conformity to the provisions of the will, and the income paid over to William.

In 1871 Beals upon his own petition was allowed to resign his office of trustee and the defendant was appointed in his place. Defendant gave the security required and took upon himself the duties of the trust and received from Beals about the sum of $6,334.34, being the amount of the trust fund in the hands of Beals.

At some time prior to June, 1874, the said William E. Carr removed with his family to North Carolina, as did the defendant, who took with him the trust fund belonging to said William E. In July, 1874, William E. Carr died intestate at Smithville, in said State of North Carolina, and in May, 1875, his widow Mary E. Carr and John L. Wescott were duly appointed administrators of the goods, etc. of said William E. Carr, by the probate judge of Brunswick county in said State. Subsequently, and in June, 1876, the plaintiff was duly appointed administrator of the goods, etc. of

William E. Carr in this State, on the application of the widow, there being property belonging to the intestate in this State and within the jurisdiction of the surrogate making the appointment. The administrators appointed in North Carolina and in this State duly qualified. The testator Edson Carr left him surviving three sons, William E., Thomas B. and Henry T. Carr. This action is brought by the administrator appointed in this State to compel the defendant as trustee of William E. Carr, deceased, to render an account of the monies received and paid out by him as such trustee, and to recover such moneys as shall be found to be in his hands belonging to said trust fund.

The complaint charges, amongst other things, that the defendant has neglected to invest the moneys that came into his hands as such trustee, and has applied them to his own use. This allegation is denied by the defendant; the other matters alleged in the complaint are admitted.

The cause was tried at Special Term in Monroe, and the foregoing facts were found by the court, and judgment rendered that the prayer of the complaint be granted, and it was referred to a referee to state the account between the parties, and from that judgment the defendant appeals.

*H. L. Comstock*, for the appellant.

*Metcalf & Field*, for the respondent.

MULLIN, P. J.:

The plaintiff bases his right to recover upon the proposition that by the will of the intestate's father, one-half of the proceeds of the real and personal property left by him was bequeathed to William E. Carr, and the title thereto vested in him absolutely, subject to the power given to the trustee to invest the same and receive the interest and pay over the same to him during his life. The defendant on the other hand insists that by the will the intestate got a life estate only in the trust fund, and that on his death, without having designated to whom said fund should pass, it fell into the residuum of the testator's estate to be divided among the next of kin, and that as to that property the testator died intestate.

The conclusion at which Justices RAWSON and ANGLE arrived, upon the construction of the clause by which the property in question was given to William E. Carr, seems to me to be entirely correct. The intention of the testator obviously was to give to his son William E. one-half of his real and personal property as his share of the testator's estate, charged however, with a trust to invest the money and to receive and pay over the interest to the *cestui que trust* during the life of the latter. When the intention of the testator is manifest, it must have effect unless the language of the will forbids it.

So far from the will in this case forbidding such a construction it is to my mind conclusive of it. This argument is clearly stated in the brief opinion by RAWSON, J. To give a construction to the clause under consideration that would take from the widow and children of the intestate a portion of the trust fund, and give it to the defendant, who has had his full share of his father's estate, would be most unjust to them, and could only be done in compliance with the manifest requirements of the will.

I have read over the very able brief, the defendants counsel has handed up, but fail to find any case that requires the court to give to the clause of the will in question the construction for which he contends. If we are right in holding that the bequest to the intestate vested in him, the title to the property in question subject to the trust, then the plaintiff as administrator in this State is entitled to maintain the action. (Dayton on Surrogates, 194, 195, 224, 239; Williams on Executors, 376; *Chapman* v. *Fish*, 6 Hill, 554.)

The judgment should be affirmed, with costs.

Present— MULLIN, P. J., TALCOTT and SMITH, J.J.

Judgment affirmed, with costs of appeal.